```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIK HALL                         :        CIVIL ACTION
                                  :
        v.                        :
                                  :
JAMES T. WYDNER, et al.           :        NO. 07-2673
```

MEMORANDUM

Bartle, C.J.                                          July 13, 2007

Before the court is the pro se motion of Erik Hall ("Hall") seeking relief from judgment pursuant to an unspecified subsection of Rule 60(b) of the Federal Rules of Civil Procedure.

I.

On March 4, 1998, in the Court of Common Pleas of Montgomery County, Hall pled guilty to two (2) counts of attempted murder and robbery, and one (1) count each of robbery of a motor vehicle, indecent deviate sexual intercourse, rape, kidnaping and aggravated sexual assault and was sentenced to twenty-five to fifty years of imprisonment. He then appealed to the Pennsylvania Superior Court, arguing that the trial court erred in granting the Commonwealth's petition to consolidate charges entered in Philadelphia County with charges in Montgomery County. The Superior Court dismissed the appeal for failure to file a brief and the Supreme Court denied allowance of appeal on April 6, 1999. See Commonwealth v. Hall, 737 A.2d 1223 (Pa. 1999) (table).

On June 13, 2005, nearly six years later, Hall filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541, et seq., raising four claims of ineffective assistance of trial counsel, and one claim that the trial court imposed an excessive and disproportionate sentence.  That day, the PCRA court notified Hall of its intent to dismiss the petition as untimely and that he had 20 days to respond.  The PCRA court dismissed the petition as untimely on August 9, 2005.  Hall did not appeal.

On November 6, 2006, Hall filed in this court a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254.  See Hall v. Wydner, Civ.A. No. 06-4913 (E.D. Pa).  Admitting the petition was untimely, Hall nevertheless argued that it was subject to equitable tolling.  In addition, he asserted that his trial counsel was ineffective.  On March 20, 2007, we adopted the Report and Recommendation of the Honorable Peter B. Scuderi and dismissed the petition.  Even assuming equitable tolling is available in the context of a habeas petition under § 2254, we held that Hall's petition failed to satisfy his burden to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, and n.8 (2005).  Hall did not appeal.

On June 26, 2007, Hall filed this action.  He seeks relief under Rule 60(b) and our "inherent" Article III equitable powers.

II.

Congress has enacted a procedure a state petitioner must follow before filing a second or successive motion collaterally attacking his conviction and/or sentence. See 28 U.S.C. §§ 2244, 2254. A petitioner must obtain authorization from the appropriate court of appeals to proceed with a second or successive motion before a district court can entertain it. Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); 28 U.S.C. § 2244(b)(3). The court of appeals may only grant authorization under limited circumstances. Otherwise, a second or successive motion must be dismissed. 28 U.S.C. §§ 2244(b)(1),(2). Unless and until the court of appeals grants the petitioner permission, the district court is without jurisdiction to decide the motion.

Because of the high hurdle imposed by Congress, some defendants have attempted to escape this limitation by filing under various other labels what is in reality a second or successive motion under § 2254 challenging their confinement. Both the Supreme Court and our Court of Appeals have held that petitioners may not make such an end-run around the AEDPA. Gonzales v. Crosby, 545 U.S. 524 (2005); Pridgen, 380 F.3d 721. Our Court of Appeals has joined several others in finding that the substance of a motion, regardless of its label, determines how the courts must treat it, including whether or not the limitations on second and successive habeas motions apply. Pridgen, 380 F.3d at 727.

The Supreme Court has explained that a Rule 60(b) motion is not a second or successive § 2254 motion and therefore not subject to the requirement that the defendant obtain prior authorization from the court of appeals if it attacks the "manner in which the earlier habeas judgment was procured and not the underlying conviction." Gonzales, 545 U.S. at 532.  In other words, a proper Rule 60(b) motion does not challenge "the substance of the federal court's [prior] resolution of a claim on the merits, but [rather] some defect in the integrity of the federal habeas proceedings." Id.  To the extent a Rule 60(b) motion seeks "a second chance to have the merits determined favorably," however, it must be recharacterized as a motion under § 2255 and be authorized by a court of appeals before a district court may entertain it.  Id. at 532 n.5.

### III.

We must first determine whether the motion before us is substantively a second and successive motion under § 2254.  See Pridgen, 380 F.3d at 727.  If we characterize the motion as such, it is subject to the requirements pertaining to second or successive motions under § 2254 and we lack jurisdiction to decide it until Hall obtains the proper authorization from our Court of Appeals.  28 U.S.C. § 2244.

Hall argues that the Report and Recommendation we adopted dismissing his prior motion under § 2254 was a decision that was "contrary to or involved an unreasonable application of clearly established federal law."  In addition, Hall raises a

-4-

laundry list of constitutional errors he alleges were committed during the underlying state proceedings both in the Court of Common Pleas of Montgomery County and on appeal before the Pennsylvania Superior Court.  He nevertheless assures us that his motion challenges the integrity of the prior habeas proceedings and is therefore proper.  In sum, Hall concludes that we erred in failing to grant his prior motion under § 2254 and "should have issued a writ of habeas corpus."

We interpret Hall's motion to argue that we erred in adopting and approving the Report and Recommendation because, according to Hall, its legal analysis and conclusion were wrong.  This is precisely the sort of claim properly raised in a motion made to a district court under § 2254 or to a court of appeals after denial of such a petition.  It seeks "a second chance" to have the merits of his constitutional claims "determined favorably."  <u>Gonzales</u>, 545 U.S. at 532; <u>see also</u> <u>Pridgen</u>, 380 F.3d at 727.  Hall did not seek reconsideration of our March 20, 2007 decision nor did he seek appellate review of that decision.  The instant motion attempts the former.  Hall should have raised all of his arguments before or during trial, on direct appeal, in a PCRA petition, and/or in a <u>timely</u> motion pursuant to § 2254.  He did not.  He neither alleges nor is there any evidence that he was somehow barred from doing so.  We are therefore powerless to consider the merits of these arguments unless and until Hall obtains authorization from our Court of Appeals.

In sum, Hall's motion is properly characterized as one for relief under § 2254. As he has previously brought such a motion that was dismissed as untimely by more than five years, Hall must seek and obtain permission from our Court of Appeals to file the instant motion. Accordingly, we will dismiss Hall's present motion without prejudice to his right to seek authorization from the United States Court of Appeals for the Third Circuit to proceed in this court.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIK HALL                           :       CIVIL ACTION
                                    :
          v.                        :
                                    :
JAMES T. WYDNER, et al.             :       NO. 07-2673
```

## ORDER

AND NOW, this 13th day of July, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of Erik Hall pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is DISMISSED without prejudice to his right to seek authorization from the United States Court of Appeals for the Third Circuit to proceed in this court.

BY THE COURT:


/s/ Harvey Bartle III
                                                    C.J.